UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
TRAVEL WIZARD,                                               :
                                                             :
                              Petitioner,                    :
                                                             :     06 Civ. 2074 (GEL)
        -v-                                                  :
                                                             :     **ORDER**
CLIPPER CRUISE LINES,                                        :
                                                             :
                              Respondent,                    :
                                                             :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

       In an Opinion and Order dated January 3, 2007 (the "Opinion"), this Court denied petitioner's motion to vacate an arbitral award granting damages for breach of contract to respondent, and granted respondent's cross-motion to confirm the award. On January 9, 2007, the Court received a letter from petitioner requesting clarification of the portion of the Opinion denying petitioner's request for a stay of the accrual of interest on the arbitration award. (See Op. at 13.)

       In the Opinion, the Court stated that "[p]etitioner's application for a stay of the accrual of interest pending the determination of these motions . . . is denied as moot." (Id.) The application referred to was not a motion made in proper form, but a single sentence on page 33 of petitioner's 53-page memorandum of law concerning the merits of the case. The sentence, which occurred midway through a section otherwise devoted to accusing the arbitrators of bias, requested "a continued stay of interest pending the determination of its motion and Respondent's cross motion." It gave no context and made no reference to any existing stay.

       In an abundance of caution, the Opinion treated this as a proper motion, but denied it as moot did so because it was adjudicated simultaneously with the underlying motions. There was no longer a need for a stay of interest at the time the Court ruled, because the case was effectively over. Petitioner now seeks clarification as to whether an underlying stay granted by the state court prior to removal remained in effect until the issuance of the Opinion.

       Petitioner's letter argues that an order of the New York State Supreme Court, issued prior to the removal of this case to federal court, granted a stay of the accrual of interest. (Ltr. from Steven M. Riker to the Court, Jan. 8, 2007.) The order in question is the March 1, 2006 order to show cause, which provided that "pending the hearing of the within motion/special proceeding, any sum of interest awarded by the arbitrators to Respondent in the Arbitration Award shall be stayed without further accrual of interest." The hearing referred to was scheduled for March 30, 2006.

As a letter from respondent notes, however, the Order to Show Cause appears to have specifically rejected language that would support petitioner's position. (See Ltr. from Matthew A. Marion to the Court, Jan. 9, 2007.) The stay is granted "pending the hearing" of the motion; the language submitted by the petitioner would have granted a stay "pending the hearing *and determination*" of the matter, but the words "and determination" were crossed out by the state court. It thus appears that the state court intended to grant a stay of interest only until the March 30 hearing on the order to show cause. No such hearing took place, because the action was removed to federal court on March 17, 2006.

"Removed proceedings arrive in federal court in the procedural posture they had in state court." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107-09 (2d Cir. 2006). Thus, petitioner is correct that the state court's order remained in effect unless modified. The question, then, is how to interpret the stay of interest granted in the order to show cause. The reading of the order suggested by petitioner would suggest that the stay remained in effect until a hearing took place. Because no hearing ever happened, petitioner asks for a ruling that the stay remained in effect until this Court superseded it by denying petitioner's later request for a stay in its Opinion.

Petitioner's view is inconsistent with the intent of the underlying order. The state court deliberately struck out the phrase "and determination," which would have granted a stay until the final determination of the matter. Rather, it was the intent of the state court to grant a stay until March 30, at which time a hearing would be held. Presumably, at that hearing, the state court would have decided whether to grant an additional stay, just as this Court would have decided whether to grant an additional stay had an application been made at the appropriate time or had petitioner made any effort to inform the Court of the need for such a determination.

Until the letter of January 9, however, petitioner made no effort to obtain a ruling in advance of this Court's decision on the merits as to whether a stay was in effect or should be imposed. Prior to the letter of January 9, petitioner never in any sense raised the issue of whether the state court's stay of interest remained in effect. The application it made in its memorandum — a single sentence in an irrelevant section of a lengthy filing — asked not for a ruling on the viability of the prior stay, but for a "continued stay of interest," that is, an order granting a *prospective* stay of interest. In short, petitioner did nothing to bring the question of a prior stay to the Court's attention until long after it had reason to doubt that any prior stay remained in effect.

Indeed, it seems probable that petitioner did not believe the earlier stay remained in effect during the pendency of this litigation. It is clear that both parties understood that at least some aspects of the order to show cause did not remain in effect after removal, including, for example, the provision enjoining respondent from taking any action to confirm the award. Moreover, the bare fact that petitioner requested a stay, "continued" or otherwise, in its motion papers strongly suggests that it understood that no stay was in effect. If the petitioner believed a stay was already in effect, there would have been no need to request a stay in the motion papers; there was

certainly no motion to vacate any stay filed by respondent that would have alerted petitioner to some need for a renewed stay. Thus, it seems more than likely that both parties believed throughout the course of this litigation that the underlying stay order had expired on the date of the original hearing.

To interpret the order to show cause as granting an indefinite stay in the event of removal would be in effect to give it a far-reaching effect, *nunc pro tunc*, well beyond what the state court intended. Accordingly, the stay of interest should be treated as having expired on March 30, 2006, the date of the "hearing" referred to as the end-point of the stay in the order to show cause.

SO ORDERED.

Dated: New York, New York
       January 10, 2007

                                            _____
                                            GERARD E. LYNCH
                                            United States District Judge